UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PURE SOLUTIONS, INC.,

     Plaintiff,

vs.                        Case No. 8:04-CV-2274-T-17EAJ

IFC CREDIT CORP., INC.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on **Defendant IFC Credit Corporation's Motion to Dismiss Complaint** (Dkt. 4), **Memorandum of Law in Support of Motion to Dismiss Complaint** (Dkt. 5), both filed on November 15, 2004 and on Defendant's **Supplement to Motion to Dismiss** (Dkt. 15), filed on December 27, 2004. Plaintiff's **Reply in Opposition to Defendant IFC's Motion to Dismiss Complaint** (Dkt. 12) was filed on December 27, 2004. Plaintiff has also responded to Defendant's supplement (Dkt. 18).[1] For the reasons which follow, it is recommended that the motion to dismiss be granted.

### I. BACKGROUND

Plaintiff contracted with NorVergence, Inc., a New Jersey telecommunications company to receive unlimited calling and high speed internet access (Dkt. 1 at 3). To utilize the telecommunication system, Plaintiff leased equipment from

_____

[1] The district judge has referred this matter to the undersigned for consideration and a Report and Recommendation. <u>See</u> Local Rules 6.01(b) and 6.01(c), M.D. Fla.

NorVergence for a monthly rental charge of $774.40 plus tax. (Dkt. 1 at 4). The terms and conditions printed on the back of the Lease document ("the Lease") included a provision permitting NorVergence to assign the Lease to a third party (Dkt. 1 at 5). NorVergence assigned the Pure Solution Lease to IFC, Defendant (Dkt. 1 at 7).

The Lease provides as follows:

[Paragraph 15] APPLICABLE LAW:

. . .

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. . . .

(Dkt. 6-2 at 5).[2]

---

[2] A copy of the equipment rental agreement along with the modification of equipment rental agreement, delivery and acceptance certificate and NorVergence's notice of assignment are attached to the affidavit of Lee A. Herndon, IFC's Vice President of Collections (Dkt. 6-2 at 4-8). The affidavit does not describe any act of fraud but only addresses IFC's principal office location in Morton Grove, Illinois in addition to the above mentioned attachments (Dkt. 6-2 at 1-2). The consideration of the affidavit does not convert this Rule 12(b)(3) motion to dismiss into a motion for summary judgment. It is Rule 12(b)(6), Fed.R.Civ.P., motions to dismiss that are converted into motions for summary judgment upon the consideration of affidavits and other evidence. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002)("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion."); see also Moore's Federal Practice vol. 2 § 12.34[3][a] at 12-72.1 "Although this [conversion] provision at the end of Rule 12(b) does not apply to motions under other

Plaintiff alleges that by utilizing lease assignments, NorVergence engaged in a massive fraud and eventually filed for Chapter Seven bankruptcy (Dkt. 1 at 7, 8). Thereafter, NorVergence discontinued providing phone service, and in response Plaintiff withheld rental payments to IFC (Dkt. 5 at 3).

Plaintiff further alleges that in implementing the fraud, NorVergence purchased equipment, leased the devices to rentors like Plaintiff, and provided phone operation to rentors by obtaining services through carriers such as Sprint and Qwest (Dkt. 1 at 8, 9). NorVergence's purchased phone services cost more than its total rental income (Dkt. 1 at 9). To cover costs, NorVergence assigned the rental agreements to leasing companies such as IFC (<u>Id.</u>) The phone bills were paid with money from lease assignments (<u>Id.</u>) As long as NorVergence generated enough new rental agreements to assign, it could pay its bills (<u>Id.</u>)

Plaintiff seeks declaratory relief, treble damages, and reasonable attorneys' fees under the Racketeer Influenced and Corrupt Organizations Act (RICO) pursuant to 18 U.S.C. § 1964 (c) (2005), and injunctive and other equitable relief from Defendant, IFC (Dkt. 1 at 16, 18, 24). Plaintiff alleges violations of RICO, common law fraud, breach of contract, negligence, and

---

subparts of the rule, such as Rule 12(b)(1), it is mandatory as to Rule 23(b)(6) motions."

violation of state consumer and unfair competition law (Dkt. 1 at 18, 20, 21, 22, 23).

In response, Defendant IFC filed a motion to dismiss pursuant to Rule 12(b)(3), Fed.R.Civ.P., asserting improper venue under the Lease terms (Dkt. 4 at 1, 2).[3] Defendant also claims Plaintiff's complaint fails to state a cause of action for fraudulent inducement, declaratory judgment, fraud, and recovery under the RICO Act (Dkt. 4 at 2).

## II. FORUM SELECTION CLAUSES

Federal courts should enforce forum selection clauses absent a showing that to do so "would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

The Eleventh Circuit succinctly stated the legal principles applicable to forum selection clauses in P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003):

> The following principles have been established for consideration of whether a case should be removed to another jurisdiction pursuant to a forum selection clause.
> 1. Forum selection clauses in contracts are enforceable in federal courts.

---

[3] In a case of improper venue, the district court shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a) (2005). Defendant filed a motion to dismiss, but did not include a motion to transfer the case in the alternative (Dkt. 4 at 1).

> 2.   Consideration of whether to enforce a
> forum selection clause in a diversity
> jurisdiction case is governed by federal law
> under 28 U.S.C. § 1404 (a) (1982), not state
> law.[4]
> 3.   The burden is on the party opposing the
> enforcement of the forum selection clause to
> show that the contractual forum is
> sufficiently inconvenient to justify
> retention of the dispute.
> 4.   The validity of a forum selection clause
> is determined under the usual rules governing
> the enforcement of contracts in general.
> 5.   Under Section 1404 (a), the court should
> consider the convenience of parties and
> witnesses and the interest of justice, with a
> choice of forum clause a significant factor
> that figures centrally in the district
> court's calculus.  Thus, while other factors
> might conceivably militate against a transfer
> the venue mandated by a choice of forum
> clause rarely will be outweighed by other
> 1404 (a) factors.
> 6. By enforcing the contractual forum, the
> Court is not attempting to limit the
> plaintiff's usual right to choose its forum,
> but is enforcing the forum that the plaintiff
> has already chosen.

(internal citations, quotations, and emphasis omitted).

**A. Is the forum selection clause mandatory or permissive?**

The threshold inquiry is whether a forum selection clause is mandatory or permissive.  Fla. Polk County v. Prison Health Servs., Inc., 170 F.3d 1081, 1083 (11th Cir. 1999).  Mandatory clauses "unambiguously designate the forum in which the parties must enforce their rights under the contract."  Id. at 1083 n.8. "Exclusive language in the clause precluding the parties from

---

[4] Plaintiff contends the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 (2005) and 18 U.S.C. § 1964 (2005) because of the RICO count.

bringing covered claims in other courts" creates a mandatory clause. <u>Wai v. Rainbow Holdings</u>, 315 F. Supp. 2d 1261, 1272 (S.D. Fla. 2004). Courts refuse to dismiss or transfer a suit to a stated forum when the court rules the clause permissive. <u>Snapper, Inc. v. Redan</u>, 171 F.3d 1249, 1262 (11th Cir. 1999).[5]

There is no evidence to suggest that the clause is permissive, rather than mandatory. The term "shall", along with the word "exclusive", supports Defendant's interpretation of the clause as mandatory (Dkt. 5 at 7, 8). Plaintiff appears to concede this point by arguing that the clause exclusively mandates jurisdiction in any federal or state court within the state of Illinois (Dkt. 12 at 9). The forum selection clause in this case is mandatory.

**B. Is the forum selection clause the product of fraud or coercion?**

Plaintiff claims the entire contract is void <u>ab initio</u> for either illegality or fraud in the contract execution and therefore the forum selection clause is unenforceable (Dkt. 12 at

---

[5] This does not mean the clause is read out of the contract or is unenforceable. <u>Id.</u> Ordinary contract principles govern a contractual waiver of removal in the context of removal based solely on diversity jurisdiction. <u>Id.</u>; <u>see also</u> <u>Global Satellite Communication Co. v. Starmill U.K. Ltd.</u>, 378 F.3d 1269, 1271 (11th Cir. 2004) (citation omitted). When a contract provision "is subject to opposing, yet reasonable interpretation, an interpretation is preferred which operates more strongly against the party from whom the words proceeded." <u>Id.</u> (citation omitted). Ambiguity concerning the mandatory or permissive nature of a forum selection clause compels the court to interpret the clause as permissive. <u>See</u>, <u>e.g.</u>, <u>Citro Fla., Inc. v. Citrovale, S.A.</u>, 760 F.2d 1231, 1232 (11th Cir. 1985).

9).  Plaintiff is mistaken.  A forum selection clause contained within a contract alleged to be fraudulent is unenforceable only where "the *inclusion of that clause in the contract* was the product of fraud or coercion." <u>Scherk v. Alberto-Culver Co.</u>, 417 U.S. 506, 519 n.14 (1974)(citation omitted) (emphasis in original); <u>see e.g.</u>, <u>M.G.J. Indus. Inc. v. Greyhound Fin. Corp.</u>, 826 F. Supp. 430, 431 (M.D. Fla. 1993) (the court held that the parties' forum selection clause was not enforceable because plaintiff demonstrated that the clause resulted from fraud).

Plaintiff has presented no evidence or argument that the forum selection clause in the Lease was the product of fraud or coercion.  Accordingly, Plaintiff's argument on this issue is without merit.

**C.   Would enforcement of the forum selection clause be unreasonable or unjust?**

Plaintiff argues the undisclosed venue selection unreasonably favors Defendant (Dkt. 12 at 10).  A contract clause unreasonably favoring one party over the other is unconscionable. <u>Iberia Credit Bureau, Inc. v. Cingular Wireless LLC</u>, 379 F.3d 159, 168-171 (5th Cir. 2004) (arbitration clause requiring one party to submit all disputes to arbitration, but permits the other party to choose between litigation or arbitration is unenforceable); <u>Alexander v. Anthony Int'l L.P.</u>, 341 F.3d 256, 264-270 (3d Cir. 2003) (arbitration clause imposing one-sided burdens upon a party is unenforceable).

7

Usual contract enforcement rules apply when determining the validity of a forum selection clause, including considering whether the clause was "freely and fairly negotiated by experienced business professionals." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).

Plaintiff, a Florida corporation with a principal place of business in Tampa, Florida, conducts a small business with gross income of approximately $700,000.00 per year (Dkt. 1 at 2). Although allegedly unsophisticated in the use of telecommunications equipment, as a small business owner Plaintiff should be familiar with the formation of contracts. The Lease contract warns readers about a choice of law provision by titling a section "APPLICABLE LAW" (Dkt. 6-2 at 5). The equipment rental agreement consist of two pages which include items such as equipment model, description and all Lease terms and obligations (Dkt. 6-2 at 4, 5).

Unreasonable, unequal bargaining power favoring Defendant has not been proved. Plaintiff has failed to establish that the forum selection clause was not freely and fairly negotiated and is the product of coercion.

## 1. Description of chosen forum

If the contract is valid, Plaintiff contends the Lease language fails to create a forum selection clause due to the lack of specific forum designation (Dkt. 12 at 9). Because the clause expressly designates an exclusive state to bring all legal

actions, but does not identify a distinct location within that state, Plaintiff contends it cannot determine where suit may be brought (Dkt. 12 at 9).   Defendant contends, however, that the forum selection clause mandates claims be brought in the Northern District of Illinois because IFC's principal offices are in Illinois (Dkt. 5 at 8).[6]

Defendant supplements its arguments with an unpublished decision: IFC Credit Corp. v. Kay Automotive Distrib., Inc., No. 04-C-5907 (N.D. Ill. Dec. 13, 2004), available at http://Pacer.psc.uscourts.gov.   The Illinois court found a forum selection clause identical to one in this case enforceable under Illinois law.   Defendant, a California corporation, asserted the governing law and jurisdiction could have "morphed into any other jurisdiction uncontrollable by defendant and not to a fixed, ascertainable jurisdiction." (Dkt. 7 at 7).   Defendant argued that an assignee's principal place of business location could potentially differ from NorVergence's principal place of business in the state of New Jersey, causing uncertainty (Dkt. 7 at 7-8). The Illinois court held that Defendant failed to carry its burden of showing the forum selection clause unenforceable (Dkt. 8 at 2).[7]

---

[6]  Plaintiff admits the Lease was assigned to IFC and that IFC's principal place of business is in Morton Grove, Illinois (Dkt. 4 at 2).

[7]  See also Commerce Commercial Leasing, LLC v. Jay's Fabric Ctr., No. 04-4480, 2004 U.S. Dist. LEXIS 22262, at *1 (E.D. Pa. Nov. 2, 2004) (construing an identical forum selection clause, the

Plaintiff fears Defendant will transfer among the three Illinois federal district courts creating a disincentive for Plaintiff to file suit (Dkt. 12 at 9). This fear is not substantiated. Public policy frowns upon abusive actions that frustrate one's ability to litigate and waste judicial time and resources.

The forum selection clause's vagueness concerning whether claims should be brought in a specific location within the state of Illinois is comparable to <u>Goodman v. Hill-Rom Co.</u>, No. 96-759-CIV-T-17, 1996 U.S. Dist. LEXIS 17602, at *1. In <u>Goodman</u>, a clause designating an identified state and county but not specifically indicating whether claims could be brought in a state or federal court was considered broadly drawn, but not ambiguous. <u>Id.</u> at *4. Here, Plaintiff's options are broadly drawn, but are not ambiguous. The clause restricts both Plaintiff and Defendant to filing suit in the state of Illinois with the specific court "to be chosen at Rentor or Rentor's assignee's sole option." (Dkt. 5 at 7).

Defendant states that the forum selection clause mandates claims be brought in the Northern District of Illinois because

---

court upheld the clause and concluded it not "'so gravely difficult and inconvenient' as to deprive Defendant of its day in court, or that the clause was procured through fraud or overreaching." <u>citing</u> <u>Bremen</u>, 407 U.S. at 18); <u>But</u> <u>see</u> <u>IFC Credit Corp. v. Eastcom, Inc.</u>, No. 04-C-6503, 2005 U.S. Dist. LEXIS 279, at *1, (N.D. Ill. Jan. 6, 2005)(construing an identical forum selection clause, the court found the clause unenforceable for failure to specify a particular jurisdiction).

IFC's principal offices are in that location (Dkt. 5 at 8).  This precludes Defendant from filing elsewhere.  Defendant is limited to state or federal court in the district of its principal office in Illinois (Dkt. 5 at 8).  Therefore, Plaintiff's concern that Defendant will attempt to transfer among Illinois districts is unsupported.

**2. Convenience**

Even if a forum selection clause is freely bargained for, the court must also consider whether "the chosen forum is *seriously* inconvenient for the trial of the action." <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 810 F.2d 1066, 1070 (11th Cir. 1987) (citation omitted) (emphasis in original).  Plaintiff must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.  Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." <u>Id.</u>

Plaintiff fails to establish grave difficulty and inconvenience.  Upon execution of the Lease, Plaintiff understood NorVergence maintained corporate headquarters in New Jersey (Dkt. 1 at 2).  The subsequent assignment of the lease to the Illinois-based Defendant did not create difficulties beyond those Plaintiff would have encountered in New Jersey.

Plaintiff is not so gravely inconvenienced as to be deprived of its day in court.

## Conclusion

Plaintiff has not meet the burden of proof showing the forum selection clause unenforceable. Plaintiff fails to prove the clause resulted from fraud or that the clause is permissive rather than mandatory. Although broad, the clause does not create ambiguity. Defendant concedes that the forum selection clause mandates claims be brought in the Northern District of Illinois because IFC's principal offices are in Illinois, negating Plaintiff's concerns that Defendant will transfer among the Illinois federal districts creating a disincentive for Plaintiff to file suit. The forum selection clause does not unreasonably favor Defendant, nor does it instruct a forum that would be so gravely difficult and inconvenient for Plaintiff that it will be deprived of its day in court.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)   Defendant's **Motion to Dismiss Complaint** (Dkt. 4) be **GRANTED** to the extent Plaintiff's claims against IFC should be dismissed for improper venue.

**Dated: June 24, 2005**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

12

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a _de_ _novo_ determination by a District Judge.  _See_ 28 U.S.C. §636(b)(1).