UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PURE SOLUTIONS, INC.,

    Plaintiff,

vs.                                                                     Case No. 8:04-cv-2274-T-17EAJ

IFC CREDIT CORP., INC.,

    Defendant.

_____/

## ORDER

    This case is before the Court on the Magistrate Judges' Report and Recommendation on Defendant's Motion to Dismiss (Docket No. 31), Plaintiff's objection to the Report and Recommendation (Docket No. 32), and Defendant's response to the Plaintiff's objections (Docket No. 34).

## PROCEDURAL HISTORY

    Plaintiff filed a class action complaint for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) on October 15, 2004.  Defendant filed a motion to dismiss on November 15, 2004, and a supplemental motion to dismiss on December 27, 2004.  On May 13, 2005, the motion to dismiss was referred for report and recommendation to Magistrate Judge Elizabeth A. Jenkins.  The Report and Recommendation, filed on June 24, 2005, advised that the Defendant's Motion to Dismiss be granted to the extent Plaintiff's claims against Defendant should be dismissed for improper venue.  Plaintiff filed objections to the Report and Recommendation on July 1, 2005, and Defendant filed a response to the Plaintiff's objections on July 12, 2005.

## STANDARD OF REVIEW

    Under the Federal Magistrate's Act (the "Act"), Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. The relevant portion of this act is found at 28 U.S.C. § 636. A district court judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations (ie. R & R) for the disposition of motions for injunctive relief. 28 U.S.C. § 636(b)(1)(B). Within ten days after being served with a copy of the R & R, any party may file written objections to the proposed findings and recommendations. Id. Section 636(b)(1) also states that a judge of the court shall make a de novo determination of those portions of the R & R to which objection is made. 28 U.S.C. § 636(b)(1).

In U.S. v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), the Court upheld the constitutionality of this provision of the Act. The Court found that Congress adequately protected the Act against an Article III constitutional challenge by subjecting the Magistrate Judge's proposed findings and recommendations to a de novo determination by the judge, who then exercises ultimate authority to issue an appropriate order. 447 U.S. at 681, 100 S.Ct. at 2415. In Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507, 512 (11th Cir.1990), the court stated that the de novo review requirement is essential to the constitutionality of section 636. The court further stated that section 636(b)(1)'s nonconsensual reference is saved from constitutional infirmity by the retention in the Article III judge of the ultimate adjudicatory power, to be exercised after assistance from and upon the recommendation of the Magistrate Judge. Id. at 512-13 (citing Hall v. Sharpe, 812 F.2d 644, 647 (11th Cir.1987)). Accordingly, the de novo review is based in a realization that only the district court judge can constitutionally dispose of a matter such as that in the instant case.

Rule 72 of the Federal Rules of Civil Procedure places into practice the powers codified *1561 in 28 U.S.C. § 636(b)(1). See also, Rule 6.02, Local Rules of the United States District Court, Middle District of Florida. Rule 72 follows the statutory example and sets forth different provisions for the two types of pretrial matters that can be referred to a Magistrate Judge. The first provision under § 636(b)(1)(A) states in part that a judge may designate a Magistrate Judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief. Rule 72(a) refers to the type a pretrial matter set out in § 636(b)(1)(A) as one that is not dispositive of a claim or defense.

The second provision, under § 636(b)(1)(B), states in part that a judge may designate a Magistrate Judge to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations (ie. R & R) for disposition, by a judge, of any motion excepted in subparagraph (A). Thus, subparagraph (B) applies to injunctive relief. Subparagraph (B) also allows any party, within 10 days, to file written objections to such proposed findings and recommendations. Additionally, § 636(b)(1) states that a judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

Rule 72(b) describes those matters that are excepted in § 636(b)(1)(A) as ones that are dispositive of a claim or defense. Since injunctive relief is excepted from § 636(b)(1)(A), it is

dispositive and a R & R submitted by a Magistrate Judge is subject to de novo review by the district judge. This part of Rule 72 also reiterates the need for a timely objection and a de novo determination upon the record. Thus, the Magistrate Judge's R & R in the instant case is reviewed de novo by the district judge who must then accept it, reject it, or modify it, in whole or in part.

The issue of whether the same de novo standard of review is applicable has been addressed by courts in the Eleventh Circuit. In LoConte v. Dugger, 847 F.2d 745 (11th Cir.1988), the court addressed the issue of what standard of review the appellate court would use in reviewing the district court's adoption of a Magistrate Judge's R & R. In do so, the court examined what standard of review the district court was required to use in its review. The court in LoConte found that there are three different categories of findings reviewable on appeal: (1) findings of fact made by the Magistrate Judge to which the parties did not object; (2) findings of fact made by the Magistrate Judge to which the parties did object with the objections being resolved de novo by the district court; and (3) independent findings of fact made by the district court. Id. at 749. In reference to the findings stated in category (2), the LoConte court also stated that:

Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a de novo review of the record with respect to that factual issue. (citations omitted) As the use of the phrase de novo implies, the district court's consideration of the factual issue must be independent and based upon the record before the court.... [T]he factual conclusions reached by the district court are subject only to a "clearly erroneous" standard of review on appeal.

Id. at 750; See also Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507, 513 (11th Cir.1990), Mannings v. School Board of Hillsborough County, Florida, 796 F.Supp. 1491, 1492 (M.D.Fla.1992), McHenry v. The Florida Bar, 808 F.Supp. 1543, 1544 (M.D.Fla.1992). In Mohammed v. Chevron U.S.A. Inc., 738 F.Supp. 1383, 1385 (M.D.Fla.1990), the district court stated that "[a]fter objection, the findings of the Magistrate are entitled to be adopted unless they are found to be clearly erroneous." However, in headnote [1], which precedes the reported opinion, the word "after" is changed to the word "absent." Given this conflict, and since the court in Mohammed did not cite to any authority contrary, it is assumed that the Mohammed case stands for the proposition reflected in the headnote. It is clear

that findings by the Magistrate Judge, to which the parties have made timely objections, are subject to de novo review by the district court judge.

The standard of review applicable under categories (1) and (3), supra, are different *1562 from the de novo review standard of category (2). When no objections are made to the Magistrate Judge's R & R, the case law seems to indicate that the district court should review the findings using the same clearly erroneous standard of review that an appellate court must use when reviewing the district court's findings.

In Nettles v. Wainwright, 677 F.2d 404, 409 (5th Cir. Unit B 1982) (en banc), the court stated that if no objections are filed, the judge may accept, reject, or modify, in whole or in part, the findings and recommendations. The Nettles court further states that it is arguable that, when no objections are filed, the parties have accepted the Magistrate Judge's report and have consented to the recommendations. Id. In Jeffrey, the court stated that on appeal there is little practical distinction between the plain error standard of review applicable to unchallenged findings of fact by a Magistrate Judge and the clearly erroneous standard of review relevant to fact findings by the district court. 896 F.2d at 513, citing LoConte, 847 F.2d at 750. Although this Court finds no cases that explicitly state the clearly erroneous standard applies to non-objected to findings by the Magistrate Judge, or additional findings by the district court judge, this Court holds that to be the standard of review.

## DISCUSSION

Magistrate Judge Elizabeth A. Jenkins recommended that Defendant's Motion to Dismiss should be granted, to the extent that Plaintiff's claims against Defendant should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3), because Plaintiff has failed to meet the burden of proof showing the forum selection clause to be unenforceable.  Judge Jenkins decided that Plaintiff failed to prove that the clause was the result of fraud, or that the clause is permissive rather than mandatory.  Furthermore, the clause is not unreasonably to the Defendant's advantage, and would not inconvenience Plaintiff to such a degree as to deny its day in court.

Pursuant to Rule 72(b), Plaintiff has filed timely objections to the Magistrate Judge's findings of fact. The Court has reviewed each objection, along with the Magistrate Judge's findings. Below are the findings to which objections have been filed and a summary of the review:

1. "The forum selection clause is invalid on its face." (Plaintiff's Objections, p. 2).  This Court agrees with the Magistrate Judge's finding that the forum selection clause is not invalid on its face.  The Plaintiff argues that it is invalid on its face because it does not specify a forum, and unreasonably favors the Defendant.  The Magistrate Judge showed that the Plaintiff's selection of forums is broadly drawn, but not ambiguous.  Furthermore, no unreasonable deficit in bargaining power has been proven, and therefore, there is no proof that the forum selection clause was not freely and fairly negotiated.
2. "The invalidity of IFC's forum selection clause has been determined in a prior federal court judicial proceeding, which has collateral estoppel effect." (Plaintiff's Objections, p. 3).  Collateral estoppel does not affect this Court's ruling because Defendant's forum selection clause has been enforced in federal court. IFC Credit Corp. v. Burton Industries, INC., No. 04 C 5906, 2005 WL 1243404 (N.D.Ill. May 12, 2005).  The Supreme Court, in Parklane Hosiery Co. v. Shore, stated that "collateral estoppel may be unfair to a defendant if the judgment relied upon as a basis for collateral estoppel is itself inconsistent with one or more previous judgments in favor of the defendant, or if the second action affords the defendant procedural opportunities that could readily cause a difference in the result obtained." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 330 (1979).  To hold the forum selection clause unenforceable due to collateral estoppel would be unfair to Defendant.  As such, this objection is insufficient to deny the motion.
3. "The forum selection clause is unenforceable because the lease assigned to IFC is void ab initio." (Plaintiff's Objections, p. 3).  This Court agrees with the Magistrate Judge's finding that the forum selection clause is not void ab initio.  The Plaintiff argues that "the validity of a forum selection clause in a void contract is not judged independently of the validity of the contract; the clause is not binding and cannot be enforced." (Plaintiff's Objections, p. 6).  This logic is nonsensical because the Court would need to try the case to determine if the contract is void, and if it finds that it is not, only then, after the trial has already been held, could a ruling on the validity of the forum selection be made.  See Rimes v. Curb Records, INC., 129 F. Supp. 2d 984, 987, n. 15 (2001).
4. "The forum selection clause cannot be enforced before issues of material fact, bearing on the preclusive effect of an Illinois state court judgment, are resolved." (Plaintiff's

5

Case No. 8:04-cv-2274-T-17EAJ

    Objections, p. 3). The decision of an Illinois state court is not binding on this court, and as such, this objection is insufficient to deny the motion.

5. "By its terms, the forum selection clause only applies to actions at law, while the Plaintiff's Complaint includes claims for declaratory and equitable relief." (Plaintiff's Objections, p. 3). The forum selection clause states that it applies to "all legal actions relating to this Lease." Therefore, any and all legal actions pertaining to this lease, both legal and equitable claims, will be tried together.

    The Magistrate Judge's report and recommendation is supported in the record. Accordingly, it is

    **ORDERED** that the report and recommendation, dated June 24, 2005, be **ADOPTED**; the motion to dismiss be **GRANTED** and the Clerk of Court is **directed** to enter judgment for the defendant and close this case.

    **DONE and ORDERED** in Chambers, in Tampa, Florida, on this 27th day of July, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record